IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Thomas C. Wilson, | ) | C/A No. 0:15-4166-TMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Sally A. Chickering; Sherri Wells; Matt Ellis, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Thomas C. Wilson, a self-represented pretrial detainee, brings this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1 at 2.)  Plaintiff also alleges a state law claim of perjury and a "civil RICO" claim brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq.  (Id.)  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).  Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

I.    **Procedural Background**

Plaintiff indicates that he and Defendant Sally A. Chickering "separated from marriage in June 2011" and Plaintiff "obtained a temporary restraining order against Chickering" in December 2011 to prevent this defendant from "looting [Plaintiff's] checking account." (ECF No. 1 at 3.)  In early 2012, Defendant Matt Ellis, an employee of the South Carolina Attorney General's Office, allegedly called Plaintiff about "defrauding Chickering out of $700,000." (Id.)  Plaintiff states that he responded by providing "material documents" and an audit that had been prepared during his separation from Defendant Chickering.  (Id.)  Plaintiff indicates that he had a stroke in 2013 and was held in contempt at a family court hearing because he was too ill to attend.  (Id.)  When Defendant

Chickering learned that Plaintiff would not be arrested on the family court contempt charge, this defendant allegedly enlisted "Matt Ellis . . . to have [Plaintiff] arrested for breach of trust." (Id. at 3-4.) Plaintiff asserts that Defendant Ellis was unsuccessful in obtaining an indictment against Plaintiff in January 2014, but "refiled a new charge" resulting in Plaintiff's detention in Connecticut. (Id. at 4.) Plaintiff indicates that he had been receiving treatment for heart failure and this detention resulted in serious health issues requiring hospitalization "on an emergency surgery basis" four times between January 2014 and March 2014. (Id. at 4.) Plaintiff states that "Ellis was successful at getting an indictment against [Plaintiff]" in March 2014 and Plaintiff was "taken out of the hospital (against medical advice)" on April 22, 2014 and transported to the Charleston County Detention Center by plane. (Id. at 5.) Plaintiff asserts that Defendant Ellis "apparently" forgot to inform the jail about Plaintiff's medical conditions. (Id.) Plaintiff claims that Defendant Sherri Wells, also identified as an ex-wife of Plaintiff's, "in concert with" Defendants Chickering and Ellis, "set out on a plan to extort money from [Plaintiff.]" (Id.) Plaintiff seeks monetary damages in this case. (Id. at 8.)

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).



The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, <u>Barnett v. Hargett</u>, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

>    **B.    Analysis**

>>    **1.    Constitutional Claims**

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." <u>City of Monterey v. Del Monte Dunes at Monterey, Ltd.</u>, 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  In this action, Plaintiff alleges that the defendants have violated his rights under the Eighth and Fourteenth Amendments of the United States Constitution.  (ECF No. 1 at 2.)

>>    **a.    Failure to plausibly allege state action by Defendants Chickering and Wells or a conspiracy against any defendant**

As indicated above, a defendant must act "under color of state law" to be amenable to suit under § 1983.  <u>West</u>, 487 U.S. at 48.  While "[a]nyone whose conduct is 'fairly attributable to the state' can be sued as a state actor," <u>Filarsky v. Delia</u>, 132 S. Ct. 1657, 1661 (2012), purely private conduct, no matter how wrongful, is not actionable under § 1983 and the United States Constitution. See <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 936 (1982); <u>Mentavlos v. Anderson</u>, 249 F.3d 301,



310 (4th Cir. 2001). In determining whether state action is present, no single factor is determinative and the "totality of the circumstances" must be evaluated. See Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 341-43 (4th Cir. 2000).

In this action, Plaintiff identifies Defendants Chickering and Wells as his ex-wives and attempts to attribute state action to these defendants by alleging that they conspired with Defendant Matt Ellis to violate Plaintiff's constitutional rights. However, under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, an alleged conspiracy must be pled and proved by concrete facts, not mere conclusory allegations. See Simmons v. Poe, 47 F.3d 1370, 1376-77 (4th Cir. 1995). Ultimately, "[t]o establish a conspiracy under [42 U.S.C.] § 1983, [a plaintiff] must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in [the] deprivation of a constitutional right." Glassman v. Arlington Cty., 628 F.3d 140, 150 (4th Cir. 2010) (alterations in original) (quoting Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996)). The plaintiff "must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." Hinkle, 81 F.3d at 421. Therefore, his pleading must contain factual allegations that reasonably lead to the inference that the defendants came to a mutual understanding to try to "accomplish a common and unlawful plan," and must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. Id. at 421-22.

In this case, Plaintiff provides no concrete facts to show that the defendants came to any mutual understanding or acted jointly to deprive Plaintiff of any constitutional right. Thus, Plaintiff fails to plausibly allege state action by Defendants Chickering and Wells as required to state a constitutional claim against them under § 1983, see West, 487 U.S. at 48, and fails to plausibly



assert a conspiracy claim against any of the named defendants. See Hinkle, 81 F.3d at 421. Accordingly, such claims are subject to summary dismissal.

### b.    Insufficient factual allegations—Matt Ellis

Plaintiff asserts a claim of deliberate indifference to his medical needs against Defendant Ellis, who is alleged to be a state actor amenable to suit under § 1983.[2]  Medical claims of pretrial detainees are brought pursuant to the Fourteenth Amendment and are reviewed under a similar standard used for convicted prisoners bringing such claims under the Eighth Amendment—deliberate indifference to serious medical needs. Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992); Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988) (citing Estelle v. Gamble, 429 U.S. 97 (1976)).  Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the [Constitution]." Estelle, 429 U.S. at 105.  A defendant is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a detainee and disregards that substantial risk.  Farmer v. Brennan, 511 U.S. 825, 847 (1994); see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004).  While the government is required to provide medical care for incarcerated individuals, Estelle, 429 U.S. at 102, to establish deliberate indifference the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

---

[2] Some of the factual allegations in the instant Complaint are similar to allegations made in another civil rights action filed by Plaintiff, which is pending in this court. See Wilson v. Jacobs, C/A No. 0:14-4006-TMC-PJG (D.S.C. Oct. 15, 2014).  Defendant Ellis was named in Plaintiff's pending civil rights action, but was summarily dismissed from that case because Plaintiff sought only injunctive relief against Defendant Ellis, which is barred by the holding in Younger v. Harris, 401 U.S. 37 (1971).  In the instant action, Plaintiff appears to seek only monetary damages.  Thus, while Plaintiff's allegations against Defendant Ellis are similar in both cases, the instant Complaint's claims have not been construed as duplicative of those raised in the pending civil action.  It is noted that Plaintiff states that he "is not attempting to link the two Complaints."  (ECF No. 1 at 7.)



Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983.  See Estelle, 429 U.S. at 105-06.

In this case, Plaintiff complains of medical complications allegedly resulting from being detained and/or transported to a detention center in South Carolina.  However, Plaintiff fails to provide factual allegations to plausibly suggest that Defendant Ellis was deliberately indifferent to Plaintiff's medical needs.  At best, Plaintiff alleges that Defendant Ellis was negligent in "apparently" forgetting to inform the detention center about Plaintiff's medical conditions.  (ECF No. 1 at 5.)  However, as discussed above, such an allegation is insufficient to show the type of gross incompetence or deliberate indifference required to trigger liability under the Fourteenth Amendment.  Miltier, 896 F.2d at 841; see also Estelle, 429 U.S. at 106.

Liberally construed, Plaintiff also appears to assert a claim of false arrest against Defendant Ellis.  In a § 1983 action based on an unreasonable seizure, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998); Brooks v. City of Winston-Salem, 85 F.3d 178, 181-82 (4th Cir. 1996).  Moreover, a "grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983." Hooper v. Rushton, C/A No. 8:13-1954-TMC, 2013 WL 4434304, at *3 (D.S.C. Aug. 14, 2013) (adopting and incorporating Report and Recommendation).  In this case, Plaintiff does not allege that he was arrested without a warrant.  Further, Plaintiff indicates that Defendant Ellis obtained an indictment in March 2014, prior to Plaintiff's transport to the Charleston County Detention Center in April 2014.  (ECF No. 1 at 5.)  Thus, Plaintiff provides insufficient factual allegations to state a plausible false arrest claim against Defendant Ellis.  Accordingly, Plaintiff's constitutional claims against this defendant are subject to summary dismissal.

Page 7 of  10



2.    **RICO Claim**

To state a civil RICO claim, a plaintiff must plausibly assert the following elements: "(1) the conduct (2) of an enterprise (3) through a pattern of racketeering activity." Salinas v. United States, 522 U.S. 52, 62 (1997). To show a pattern of racketeering activity, a plaintiff must plausibly assert at least two predicate acts of racketeering. Id.; see also American Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc., 367 F.3d 212, 233 (4th Cir. 2004) (citing 18 U.S.C. § 1961(5)). In the instant action, Plaintiff alleges in a conclusory manner a "plan" by the defendants to extort money presumably by committing bank fraud.[3] (ECF No. 1 at 5- 6, 8.) However, Plaintiff provides no factual allegations to plausibly suggest that these defendants as an enterprise engaged in at least two predicate acts of racketeering. See 18 U.S.C. § 1961(4),(5). Moreover, "numerous courts, including several district courts within the Fourth Circuit, have concluded that plaintiffs that are not a 'financial institution' cannot bring civil RICO claims premised on bank fraud in violation of 18 U.S.C. § 1344. Indeed, as a general matter, courts have consistently found that only financial institutions may claim bank fraud under 18 U.S.C. § 1344 as a predicate act for RICO purposes." Yesko v. Fell, C/A No. ELH-13-3927, 2014 WL 4406849, at *10-11 (D. Md. Sept. 5, 2014) (internal quotation marks & citations omitted) (collecting cases). Accordingly, Plaintiff's civil RICO claim is subject to summary dismissal. See U.S. Airline Pilots Ass'n v. Awappa, LLC, 615 F.3d 312, 317-18 (4th Cir. 2010) (holding that predicate offenses are necessary to show pattern of racketeering activity).

---

[3] To the extent Plaintiff is attempting to allege a claim of bank fraud against the defendants, no "private right of redress exists" for bank fraud under 18 U.S.C. § 1344. Williams v. Hinson, C/A No. 6:07-1577-HFF-WMC, 2008 WL 320146, at *3 (D.S.C. Jan. 30, 2008) (adopting and incorporation Report and Recommendation) (collecting cases).



###     3.        State Law Claims

Because the Complaint's federal claims are recommended for summary dismissal, the court should decline to exercise supplemental jurisdiction over any state law causes of action raised in this case.  See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

## III.    Conclusion

For the foregoing reasons, it is recommended that the Complaint be dismissed without prejudice and without issuance and service of process.

_____

December 2, 2015                              Paige J. Gossett
Columbia, South Carolina              UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached*
*"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u> Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).