IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Thomas C. Wilson, ) | |
| ) | C/A No. 0:15-4166-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| Sally A. Chickering, ) | |
| Sherri Wells, and ) | |
| Matt Ellis, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Thomas C. Wilson ("Wilson"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. On December 2, 2015, the magistrate judge filed a Report and Recommendation ("Report") in which she recommended that the Complaint be dismissed without prejudice and without issuance and service of process. (ECF No. 10). Wilson timely filed objections. (ECF No. 12).

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the

magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I.  Facts/Background

The magistrate judge summarizes the facts and background of this case in her Report. Briefly, Wilson is a pretrial detainee at the Charleston County Detention Center ("CCDC") Wilson has named his former wife Sally A. Chickering ("Chickering") as a defendant. He alleges he obtained a restraining order against her in December 2011 to prevent her from accessing his checking account.  However, in 2012, he was accused of defrauding Chickering out of $700,000. He alleges that Defendant Matt Ellis ("Ellis"), an investigator for the South Carolina Attorney General's Office, had him arrested for breach of trust and, despite serious health problems, he was indicted and taken out of the hospital against medical advice in Connecticut and transported to the CCDC. He alleges Ellis "forgot" to inform the CCDC of Wilson's health problems. Wilson also alleges that Defendant Sherri Wells, another ex-wife, has acted in concert with Chickering and Ellis to extort money from Wilson.

## III. Discussion

In his Complaint, Wilson raised what appears to be a medical indifference claim. The magistrate judge determined that Wilson has not alleged any state action by Defendants Chickering and Wells to deprive Wilson of his constitutional rights, and Wilson has not alleged sufficient factual allegations against Defendant Ellis to support a §1983 claim of medical indifference. The magistrate judge also found that Wilson failed to allege sufficient facts to support a RICO claim, and the court should decline to exercise supplemental jurisdiction over any state law claims.

In his objections, Wilson contends that Chickering and Wells were acting as agents for Ellis. Wilson also contends that Ellis was indifferent to his medical needs and intended to harm

2

him because he took Wilson out of Yale New Haven Hospital without a portable pacemaker, oxygen, and wheelchair, and left him at the CCDC after giving them only two pages out of 700 pages in medical records.  He contends Ellis endangered his life and that within 48 hours of being left at CCDC, he was taken to the Medical University of South Carolina to have a new device placed into his chest.  He concedes then that the 48-hour delay was due to the CCDC's doctor's alleged indifference and incompetence, but contends that Ellis started the sequence of events with his indifference to Wilson's medical condition and desire to direct money to Chickering. Wilson then states that he needs a heart ablation and to be placed back on heart transplant protocol. He argues Chickering and Wells' actions are akin to yelling fire in a crowded theater and then stating they are not responsible for the consequences.

Section 1983 is not itself a source of substantive rights.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(*quoting Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979)).  Section 1983 is the procedural mechanism through which a private civil cause of action based on allegations of federal constitutional violations by persons acting under the color of state law.  *Id.* To state a cause of action under § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).[1]

The issue is whether Defendants Chickering and Wells are proper defendants in a §1983 action. Neither is a state actor.  While Wilson contends that they were acting as agents for Ellis,

---

[1]Section 1983 provides, in relevant part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . .  subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.

Wilson has not specifically alleged how either was acting as an agent of the state. Mere speculation will not suffice. Wilson would have this court find that any complainant in a criminal action is an agent for the state. This simply is not the state of the law. Further, the facts alleged against Ellis are not sufficient to support a claim of medical indifference. As Wilson appears to acknowledge, in this situation, it is the medical staff at CCDC who are responsible for Wilson's medical care. And none of the medical staff is named in this action as defendants. In fact, Wilson has another action pending against the CCDC medical staff alleging a medical indifference claim for his medical treatment during his incarceration at CCDC. *Wilson v. Jacobs*, C/A No. 0:14-4006-TMC-PJG (D.S.C. Oct. 15, 2014).

To the extent that Wilson is attempting to bring a false arrest or malicious prosecution claim, the court finds he has failed to state such claims. First, Wilson acknowledges he was arrested pursuant to an arrest warrant. (Compl. at 2). An arresting law enforcement officer cannot be charged with false arrest in violation of the Fourth Amendment when he arrests an individual pursuant to a facially valid warrant. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998). Wilson does not mention or attack the validity of his arrest warrant. *See Miller v. Prince George's Cnty., Md.*, 475 F.3d 621, 627-33 (4th Cir. 2007). Second, Wilson acknowledges he was indicted by a South Carolina grand jury. (Compl. at 2). The issuance of an indictment precludes Wilson's claim of false arrest because a grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983. *See Gatter v. Zappile*, 67 F.Supp.2d 515, 519 (E.D.Pa.1999) (collecting cases holding that a grand jury indictment is affirmative evidence of probable cause), aff'd, 225 F.3d 648 (3d Cir. 2000); *see also Provet v. South Carolina*, C/A No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007) ("A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983."). Moreover, Wilson fails to state a claim for malicious prosecution, as one

4

element of a malicious prosecution claim is that the criminal proceedings have terminated in the plaintiff's favor. *Id.* at 392 (*citing Heck v. Humphrey*, 512 U.S. 477 (1994). As Wilson has not alleged that the state criminal charges against him have been resolved in his favor, a malicious prosecution or false imprisonment claim appears to be premature.

### III.  Conclusion

Based on the foregoing, the court adopts the Report (ECF No. 10) and the Complaint is **Dismissed** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

                                            s/Timothy M. Cain
                                            United States District Judge

February 4, 2016
Anderson, South Carolina


### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.